UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

                                   **MEMORANDUM OPINION**
                                      **AND ORDER**
                            Crim. No. 11-228 (02) (MJD)

Gerald Joseph Durand,

      Defendant.

_____

      David J. MacLaughlin, Assistant United States Attorney, Counsel for Plaintiff.

      Brian N. Toder, Counsel for Defendant.

_____

      This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 731)

## I.    Background

      Defendant was found guilty by a jury of multiple counts of Aiding and Abetting Wire and Mail Fraud, and Money Laundering, Conspiracy to Commit Mail and Wire Fraud, Concealing Material Facts from the United States and Filing False Tax Returns.  On January 3, 2013, Defendant was sentenced to term of imprisonment of 240 months, followed by three years supervised release.  He

is currently serving his sentence at Rochester FMC, and his release date is June

26, 2029.

## II.    Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's

motion following exhaustion of administrative remedies or the lapse of 30 days

from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier, "reduce the term of imprisonment (and may impose a term

of probation or supervised release with or without conditions that does not

exceed the unserved portion of the original term of imprisonment), after

considering the factors set forth in section 3553(a) to the extent that they are

applicable, if it finds that-- (i) extraordinary and compelling reasons warrant

such a reduction . . . and that such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence

is set forth in U.S.S.G. Section 1B1.13,[1] which provides when deciding a motion

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act.  Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A).  See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded

for a sentence reduction under § 3582(c), the Court must determine whether

extraordinary and compelling reasons exist to warrant such relief, whether the

defendant is a danger to the safety of any other person or to the community and

whether a sentence reduction is consistent with the policy statement.  U.S.S.G. §

1B1.13.  This policy statement also defines "extraordinary and compelling

reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

---

by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

There is no dispute that Defendant has exhausted his administrative

remedies.  Accordingly, the Court will proceed to the merits of Defendant's

motion.

Defendant has been diagnosed with Grade 5 Prostate Cancer, with a

Gleason score of 9, which indicates it is likely the cancer will grow and

spread quickly.  (Toder Decl., Ex. F at 2-3.)   The government concedes that

Defendant's medical condition presents extraordinary and compelling

reasons for a sentence reduction because of the confluence of his cancer

diagnosis and the COVID-19 pandemic.  The government nonetheless

opposes the motion for a sentence reduction on the basis such a reduction

is not supported under 18 U.S.C. § 3553(a) and that he presents a danger to

the community.

Based on the record before it, the Court finds that early release from

custody is warranted as Defendant does not pose a danger to the

community and because a sentence reduction is supported by the factors

set forth in 18 U.S.C. § 3553(a).

Defendant has served one half of his sentence; eight years and eight

months.  A sentence of time served in this case would reflect the

seriousness of the offenses of conviction, afford adequate deterrence to

criminal conduct, promote respect for the law and provide a just

punishment.

In addition, at 69 years old, Defendant is unlikely to reoffend.  See

U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among

Federal Offenders at 23 (2017), https://www.ussc.gov/research/research-

reports/effects-aging-recidivism-among-federal-offenders (setting forth

reconviction (6.5%) and reincarceration (4.1%) rates for offenders 65 years

or older).  Furthermore, Defendant did not incur any disciplinary reports

while incarcerated (Toder Decl., Ex. B).  This fact, together with his age and

ill health, weighs in favor of finding that he does not pose a danger to the

community.

Accordingly,

**IT IS HEREBY ORDERED**:

1.  Defendant's Motion for Compassionate Release (Doc No. 731) is

    **GRANTED;**

2.  Defendant's Sentence is reduced to TIME SERVED;

3. All other terms and conditions of this Court's original sentence shall remain in full force and effect; and

4. Defendant's release residence and release plan have been reviewed and approved by the U.S. Probation Office therefore this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure Defendant's safe release.  Defendant shall be released as soon as appropriate travel arrangements are made and it is safe for Defendant to travel.  There shall be no delay in ensuring travel arranges are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, then the parties shall immediately notify the Court and show cause why the stay should be extended.

Date:  February 12, 2021

    /s Michael J. Davis
    Michael J. Davis
    United States District Court